UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAW'S AUTO SERVICE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-CV-1188 JD |
| | ) |
| CYNTHIA MANESTAR, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a defamation action by a towing company. Plaintiff Shaw's Auto Service Inc. filed suit in state court against Cynthia Manestar, an attorney. The complaint alleges that Ms. Manestar sent a letter to the LaPorte County Sheriff's Office in which she alleged that Shaw's had made several illegal attempts to take possession of her client's pickup truck. Ms. Manestar then filed a notice of removal to federal court, invoking diversity jurisdiction. Ms. Manestar is a citizen of Illinois, and Shaw's is incorporated and has its principal place of business in Indiana, so it is a citizen of Indiana. Complete diversity thus exists. Shaw's contends that the amount in controversy "falls far short of the requisite minimum," though, so it filed an objection to removal. [DE 6]. In its objection, Shaw's states that it "has not made a demand for any amount approaching $75,000 nor can any reasonable degree of estimation or speculation reach that minimum threshold." *Id.*

Under 28 U.S.C. § 1332, federal courts have jurisdiction over civil actions in which (1) complete diversity of citizenship exists, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). Because Ms. Manestar invoked this

Court's jurisdiction, she bears the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement is met. *Id.* at 511. Determining the amount of controversy can be difficult in states like Indiana , where plaintiffs are not required to plead the amount of damages they seek in their complaints. *Id.* In that event, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*; *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). The question is not whether the plaintiff is likely to prevail on an award of damages that large, but "what the plaintiff hopes to get out of the litigation[.]" *Rising-Moore*, 435 F.3d at 816.

In arguing that the amount in controversy exceeds $75,000, Ms. Manestar first relies on the line of cases in which the Seventh Circuit has held that a plaintiff's refusal to stipulate that its damages are less than $75,000 supports an inference that the amount in controversy exceeds that threshold. *E.g.*, *Oshana*, 472 F.3d at 512. If a defendant asks a plaintiff to stipulate that it does not seek more than $75,000, and a plaintiff refuses to do so, it is possible to infer that the plaintiff hopes to recover that much. *Id.* Those cases have little relevance here, though. While Shaw's never made such a stipulation, Ms. Manestar never suggests that she asked for such a stipulation. Shaw's complaint says nothing about the amount of damages it is seeking, and Ms. Manestar does not suggest that she ever asked for a stipulation or made a settlement offer, or that Shaw's made any other statements or settlement demands that might indicate the amount of damages it was seeking. Ms. Manestar offers no reason to believe that Shaw's contemplated removal at the time it filed suit, either, such that its failure to volunteer such a stipulation could be construed as an attempt to preserve its ability to seek that amount of damages. Thus, all Ms. Manestar can point to in this regard is the absence of information about the amount of damages, which does not itself support an inference that the amount in controversy exceeds $75,000.

The only other factor Ms. Manestar relies on is that Shaw's website advertises that it provides services 24 hours a day, year round, and that it frequently assists drivers on the Indiana Toll Road and I-94. Ms. Manestar surmises based on the amount of traffic on those highways that $19,000 is a realistic amount of the compensatory damages Shaw's seeks. Ms. Manestar further notes that Shaw's seeks both compensatory and punitive damages, and that Indiana law allows punitive damages up to three times the award of compensatory damages. An award of greater than $18,750 in compensatory damages would thus make possible a combined award of greater than $75,000 in compensatory and punitive damages. Thus, she argues, a loss of at least $19,000 in highway business would satisfy the amount in controversy threshold.

The problem with that argument is that Ms. Manestar makes no effort to connect the dots between those damages and the theory of liability asserted in the complaint. The complaint's claim is based on a single letter sent only to the Sheriff's Office pertaining to efforts to tow a single car. Shaw's does not allege that the defamatory statement was made to the public, and Ms. Manestar has not asserted that the Sheriff's Office has any influence over towing on the highways. Thus, she has not offered any reason why an allegedly defamatory statement made to the Sheriff's Office would lead to a loss in highway business sufficient to satisfy the amount in controversy requirement.

Ms. Manestar also places too great weight on the statutory cap for punitive damages. The fact that Indiana law would allow an award of punitive damages up to three times the compensatory damages does not necessarily mean that that amount of punitive damages is in controversy. After all, there is no cap on compensatory damages, but that does not mean that any request for compensatory damages satisfies the amount-in-controversy requirement. Ms. Manestar needs to show not only that such an award is possible, but that there is a reasonable

3

probability that such an amount is in controversy. *Hornbuckle v. Allied Property & Cas. Ins. Co.*, No. 1:08-cv-1158, 2008 WL 4820064, at *2 (S.D. Ind. Oct. 30, 2008) ("Indiana statu[t]e may allow for a punitive damages award in the amount of $50,000, but Defendant has not established at there is a reasonable probability that Plaintiff's claims are valued at this amount."). She has not attempted to do so beyond noting that such an award would be within Indiana's statutory cap.

For those reasons, the Court cannot find that Ms. Manestar has met her burden of showing that the amount in controversy in this case exceeds $75,000. She therefore has not shown that the Court has subject matter jurisdiction over this case, so the Court REMANDS this action to the state court pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

ENTERED:  April 16, 2020

                                                  /s/ JON E. DEGUILIO
Judge
United States District Court